**BHP PETROLEUM SOUTH PACIFIC, INC., Petitioner,**

**v.**

**AMERICAN SAMOA GOVERNMENT, OFFICE OF
PROCUREMENT, a duly organized agency of the
American Samoa Government, TAUESE P.F. SUNIA,
Governor of American Samoa, Respondents.**

---

**MOBIL OIL AUSTRALIA, LTD., Intervenor/Real Party in Interest.**

High Court of American Samoa
Appellate Division

AP No. 18-97

January 20, 1998

Before: KRUSE Chief Justice, RICHMOND Associate Justice, WARD[*]
Acting Associate Justice, TUAOLO Associate Judge, and
SAGAPOLUTELE Associate Judge.

Counsel: For Appellant, Brian M. Thompson
For Appellee American Samoa Government, Henry W.
Kappel, Assistant Attorney General
For Intervenor/Real Party in Interest Mobil Oil Australia, Inc.,
Marshall L. Ashley

---

[*] Honorable John L. Ward, II, Judge, District Court of American Samoa,
serving by designation of the Secretary of the Interior.

## ORDER DENYING MOTION FOR RECONSIDERATION

Intervenor/Real Party In Interest Mobil Oil Australia, Ltd. ("Mobil") moves for reconsideration of the court's Order Staying Contract Implementation and Judicial Proceedings issued on November 18, 1997. This matter came regularly for hearing on January 8, 1998.

Mobil's position, which is supported by appellees American Samoa Government Office of Procurement ("ASGOP") and Governor Tauese Sunia, is that the court erred in staying the proposed ASG-Mobil contract to operate the Territory's petroleum storage depot ("tank farm"), because the court failed to hold an evidentiary hearing before issuing a "preliminary injunction." We disagree.

This Court issued a stay, not a preliminary injunction. A preliminary injunction may be issued only after "there has been a hearing in which sufficient grounds for the issuance of a preliminary injunction has been established by a preponderance of the evidence." A.S.C.A. § 43.1303(a)(1). A stay of an administrative decision, on the other hand, may be issued by the court "on appropriate terms." A.S.C.A. § 4.1041(b). An evidentiary hearing for such a stay is not mandated by statute nor is it contemplated in the applicable court rules. *See* A.C.R. 18.

We issued a stay only after considering the effects of preserving the status quo upon the parties and the public at large. We also considered the likelihood of petitioner's success upon judicial review and the apparent impracticality of appellant BHP applying for a stay from ASGOP. Although not articulated in our order, we determined that no change in the tank farm operator status should be allowed until further order of the court only after carefully weighing these factors and finding cause to issue the stay.

The instant case involves a contested case, a quasi-judicial proceeding where a panel appointed by the governor reviews the decision of an administrative agency. Judicial review of these administrative proceedings is not governed by the standards of law, procedural rules, and evidentiary rules reserved for appellate review of judicial decisions. It is governed instead by the statutorily established criteria of fair play set forth under the Administrative Procedures Act, A.S.C.A. §4.1044.

We are presented with no compelling arguments to dissolve the stay or to hold any further hearings upon cause for its issuance. The stay stays. The motion for reconsideration is denied.

The parties have expressed concern with the pending administrative appeals process and its attendant delays. Our decision today does not foreclose any future reconsideration of our stay of judicial proceedings. Should any party believe that any issue joined in this matter is ripe for judicial review, it may file the appropriate motion.

It is so ordered.